WENDY J. OLSON
United States Attorney

MICHAEL P. HATZIMICHALIS
LANDON M. YOST
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 353-1844
Fax: (202) 307-0054
Michael.P.Hatzimichalis@usdoj.gov
Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALAN PESKY AND WENDY PESKY, | **Case No. 1:10-cv-00186-BLW** |
| Plaintiffs, | **RESPONSE IN OPPOSITION TO PLAINTIFFS' REQUEST FOR A PROTECTIVE ORDER** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

The United States of America, by and through its counsel, hereby submits this response in opposition to Plaintiffs' request for a protective order and submits as follows:

**I.      Plaintiffs Has Not Demonstrated Good Cause as a Matter of Law.**

"It is well established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public." *Phillips ex rel. Estate of Byrd v. Gen. Motors, Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). FRCP 26(c) authorizes the entry of protective orders to protect parties from "annoyance, embarrassment, oppression or undue burden or expense" upon a showing of "good cause." To satisfy the "good cause" standard, one must show specific prejudice or harm that will occur if an order is not granted. *Foltz v. State Farm Mutual*, 331 F.3d 1122, 1130 (9th Cir. 2003). In other words, "broad allegations of harm,

unsubstantiated by specific examples or articulated reasoning do not satisfy the Rule 26(c) test." *Id*.

Here, a protective order is unwarranted based upon Plaintiffs' representations made to the Court to date.1/ Plaintiffs have not established or even articulated any specific harm which might satisfy the good cause standard. To the extent that Plaintiffs seek to protect their social security numbers, financial account numbers, addresses, and EIN numbers (collectively, "identifying information") from public consumption, the FRCPs already provide such protection. Notably, FRCP 5.2(a) and Local Civil Rule 5.5, which require the redaction of such identifying information, adequately protect any privacy interest Plaintiffs may have. Nor will the Government recklessly publish such identifying information. Moreover, the confidentiality requirements of Section 6103(a) of the Internal Revenue Code (Title 26) do not apply where the tax information at issue is the subject of litigation. *See* 26 U.S.C. § 6103(h)(4) (disclosure of tax information is allowed in "judicial and administrative proceedings"). Nor does Section 6103 apply where the Department of Justice receives tax information from Plaintiffs or third parties. *See generally Baldwin v. United States*, 2010 WL 3172773 (D. N. Mariana Islands Apr. 22, 2010); *Bowers v. J&M Discount Towing*, 2007 WL 967161, at *2-3 (D. N.M. Feb. 28, 2007). At bottom, Plaintiffs have not explained why the protections afforded them by FRCP 5.2 or Local Civil Rule 5.5 are inadequate, let alone established good cause.

Moreover, the instant matter is a tax refund suit initiated by Plaintiffs. Plaintiffs' tax reporting and finances are the ultimate issues before this Court, and financial information that might, in other contexts, be tangential to the merits of a dispute, is core evidence in a refund suit. Thus, such information is simply not confidential, particularly where it will certainly be entered into evidence at trial or in a dispositive motion. *Schroer v. United States*, 2007 WL 3024438 at *1 (D. Colo. Oct. 15, 2007) ("By bringing this action for refund, the plaintiff has put directly at issue the 'tax records, other private financial information, and other non-public information regarding plaintiff's personal affairs' which otherwise might be viewed as confidential."); *see also Bowers*, 2007 WL 967161 at *5 (no confidentiality where plaintiff initiates tax refund suit). This is especially true in the context of this case, where the majority of Plaintiffs' tax claims

---

1/The United States respectfully requests the opportunity to respond in opposition to any novel representations or reasoning which Plaintiffs may make in their motion for protective order filed concurrently with this response. To date, the only justifications put forward by Plaintiffs is the protection of their identifying information and their desire to keep their investment partnership information secret.

2

revolve around their ability to substantiate claimed deductions, many of which pass through to Plaintiffs' individual tax returns via investment partnerships. Further, Plaintiffs' Complaint also alleges that they were erroneously assessed penalties for under-reporting their income. To overcome these penalties, they must demonstrate reasonable cause, which is typically accomplished by waiving privilege as to advice or communications. *In re G-I Holdings Inc.*, 218 F.R.D 428, 431-32 (D.N.J. 2003). Thus, the privacy benefits, if any, that might temporarily accrue to Plaintiffs are negligible and fleeting and are clearly outweighed by the burdens on the parties and the Court from the additional costs and constraints associated with a protective order. Moreover, a protective order would deprive the Government of the flexibility it needs to seek and use Plaintiffs' tax information to investigate and defend this lawsuit.2/

Furthermore, Plaintiffs have already publically filed their personal financial information when they have found it convenient to do so and have therefore waived any grounds for a protective order. *See Level 3 Comm., LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 583-84 (E.D. Va. 2009) (party waives protective order arguments after it publicly files documents). First, Plaintiffs filed their administrative claim for refund and tax returns as exhibits to their Complaint. There can be no more sensitive tax information than this. Second, Plaintiffs were party to several IRS administrative summons proceedings before Judge Lodge and the Ninth Circuit. (*See Pesky v. United States*, 1:10-mc-06789-EJL (proceeding to quash IRS summons issued as part of fraud investigation); *United States v. Pesky*, 1:10-cv-00143-EJL (petition to enforce IRS summons seeking testimony from Mr. Pesky as part of fraud investigation); *United States v. Richey*, 1:08-cv-452-EJL, *on appeal*, 09-35462 (9th Cir.). *See also Stern v. United States*, 1:09-mc-06670-EJL-REB, at Dkt. No. 13 (report and recommendation detailing fraud investigation of Plaintiffs' co-investors). In those proceedings, Plaintiffs disclosed numerous documents that publicly reveal their tax reporting and finances—IRS notices of deficiency, which detail the flaws in Plaintiffs' tax reporting, IRS

---

2/Even though this litigation is in its nascent stage, Plaintiffs have already used the issue of a protective order as a litigating sword rather than a shield, as the United States was required to issue three subpoenas to Plaintiffs' banking institutions without providing those banks with Plaintiffs' social security numbers or mortgage account numbers—critical information that would allow large, national banks to quickly track down highly relevant financial information. The Government's receipt of this information will thus likely be delayed. Further, Plaintiffs have already cited the lack of a protective order as a justification for seeking an extension of time to respond to the Government's document requests. (*See also* Exhibit B).

Information Document Requests, which incorporate and seek substantiation of Plaintiffs' tax reporting, a letter from Plaintiffs to the IRS arguing about their tax liability, personal checks showing payments of taxes and penalties—all of which have been redacted. (*See, e.g.*, *United States v. Stern*, 1:10-cv-143-EJL, at Dkt. No. 5 (attaching redacted tax documents); *United States v. Richey*, 1:08-cv-452-EJL, at Dkt. No. 11 (attaching redacted tax documents).) Plaintiffs did not seek a protective order in any of these proceedings, as they apparently deemed it advantageous to their cause not to do so. Given that Plaintiffs have already publicly disclosed their tax and financial information to the public, Plaintiffs have not only waived the grounds for a protective order for this information, but their request for a protective order is rendered suspect.

## II.   Alternatively, Only a Very Narrow Protective Order is Required.

Should the Court enter a protective order, the Government respectfully submits that Plaintiffs' proposed order is contrary to law. The Government's main concerns with Plaintiffs' proposed order, a red-lined version of which is attached as Exhibit A, are as follows:

**Paragraph 2**: Here, Plaintiffs seek to protect "proprietary information of a commercially, financially or personally sensitive nature." This standard is incorrect as a matter of law. The controlling standard for protective orders is FRCP 26(c), and the case law interpreting it, which protects parties from "annoyance, embarrassment, oppression or undue burden or expense" upon a showing of "good cause." The Government respectfully submits that Plaintiffs should not be allowed to replace the existing standard and manufacture their own, which would effectively allow them to designate large swaths of information as "confidential" under the guise that it is now "sensitive."

**Paragraph 4**: Here, Plaintiffs effectively seek to shift the burden of challenging any designations to the Government and improperly alleviate themselves of the burden of establishing that the information is protected under FRCP 26(c). The Government respectfully submits that it should not be forced to file motions to declassify information that Plaintiffs unilaterally contend is confidential. Given that Plaintiffs have, as a matter of law, the burden of establishing good cause under FRCP 26(c), they should be required to attempt to meet this burden by filing (formal or informal) motions with the Court within a specified time limit (i.e., 14 days after an objection is lodged).

**Paragraph 5, page 5**: Here, Plaintiffs refuse to include a provision that makes clear that all documents that have already been made public should remain public. The United States respectfully submits that this is improper. As shown above, Plaintiffs have already publicly filed their tax information with this Court and cannot now retroactively make these public records secret. *See, e.g.*, *Level 3*, 611 F. Supp. 2d at 584.

**Paragraph 7**: Here, Plaintiffs seek to have *all* confidential information in filings with the Court be made under seal. This proposal is contrary to law and conflates the standard for protective orders with that for sealing information. In *Pintos v. Pac. Creditors Assoc.*, 605 F.3d 665, 677-78 (9th Cir. 2009), the Ninth Circuit ruled that a party must establish "compelling reasons" supported by "specific factual findings" by the Court to justify keeping pleadings secret with respect to dispositive motions. Given public access rights, this is a dramatically higher standard than "good cause." *Id*. Further, under Plaintiffs' proposal, the Court would need to seal its courtroom during any pre-trial hearing. Paragraph 7 should be deleted.

**Paragraph 9**: Here, Plaintiffs' proposal effectively undermines existing law and key Government functions by requiring that any confidential information be used solely for this litigation and not survive the conclusion of this matter. Plaintiffs' proposal is blithe to the fact that the Government must maintain certain records after the conclusion of this lawsuit in accordance with the Justice Department's written record retention policy (OBD 2710.6). Further, the Government has an obligation to disclose certain non-exempt information under the FOIA. 5 U.S.C. § 522. Finally, Plaintiffs' proposal is internally inconsistent with Paragraph 5: how can Plaintiffs maintain that the confidential information shall "not be disclosed or used by the recipients for any other purpose whatsoever" save the instant litigation, yet also allow, as they must, for disclosure to other federal agencies and departments for a potential criminal, civil, or regulatory violation? Plaintiffs cannot insulate their activity from government scrutiny or other appropriate functions by sweeping it all into an intentionally overbroad protective order. As such, should the Court enter a protective order, the Government respectfully requests that Paragraph 9 be stricken.

**Paragraph 10**: The Government requests that the deliberative process privilege be included as well.

## CONCLUSION

For the reasons stated above, the Court should decline to enter a protective order.

Respectfully submitted this 18th day of October 2010.

        WENDY J. OLSON
        United States Attorney

        /s/Michael P. Hatzimichalis
        MICHAEL P. HATZIMICHALIS
        LANDON M. YOST
        Trial Attorneys, Tax Division
        U.S. Department of Justice
        P.O. Box 683
        Ben Franklin Station
        Washington, D.C. 20044-0683
        Telephone: (202) 353-1844
        Fax: (202) 307-0054

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing **RESPONSE IN OPPOSITION TO PLAINTIFFS' REQUEST FOR A PROTECTIVE ORDER** has been made this 18th day of October 2010, by depositing a copy thereof in the United States Mail in a postage prepaid envelope addressed to:

D. John Thorton, Esq.
Justin C. Jones, Esq.
Richard M. Weber, Esq.
Thornton Byron LLP
Riverfront Plaza
3101 W. Main Street, Suite 200
Boise, Idaho 83702
*Counsel for Plaintiffs*

Paul L. Westberg, Esq.
Westberg, McCabe & Collins Ltd.
516 West Franklin Street
P.O. Box 2836
Boise, Idaho 83701-2836
*Counsel for Plaintiffs*