D. John Thornton, Esq. (Idaho Bar No. 1533)
THORNTON BYRON LLP
Justin C. Jones, Esq. (Idaho Bar No. 8093)
THORNTON BYRON LLP
Richard M. Weber, Esq. (Idaho Bar No. 7526)
THORNTON BYRON LLP
Riverfront Plaza
3101 W. Main St., Suite 200
Boise, ID 83702
Telephone (208) 344-8600
Facsimile (208) 344-8720
jthornton@thorntonbyron.com
jjones@thorntonbyron.com
rweber@thorntonbyron.com
Counsel for Plaintiffs

Paul L. Westberg, Esq. (Idaho Bar No. 1196)
WESTBERG, MCCABE & COLLINS, CTD.
Attorneys & Counselors at Law
516 West Franklin Street
P.O. Box 2836
Boise, Idaho 83701-2836
Telephone (208) 336-5200
Facsimile (208) 336-2121
Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
for the
DISTRICT OF IDAHO

| | | |
|---|---|---|
| ALAN PESKY AND WENDY PESKY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:10-CV-186-BLW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **PLAINTIFFS' MEMORANDUM IN** |
| | ) | **SUPPORT OF MOTION FOR** |
| Defendant. | ) | **PROTECTIVE ORDER** |
| | ) | |

PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER - 1

COME NOW Alan and Wendy Pesky (the "Peskys"), by and through their counsel, Thornton Byron LLP, and submit their Memorandum in Support of Motion for Protective Order, as follows:

1.  The Peskys have moved the Court to enter a Protective Order pursuant to Federal Rule of Civil Procedure 26(c), allowing the Parties to this lawsuit to designate certain information and documents produced in discovery as "Confidential Information" that will be subject to certain limitations on how and to whom the information may be disclosed. A copy of the Peskys' proposed Protective Order has been submitted to the Court and is attached hereto as Exhibit A.

2.  It is well established that "[t]he law...gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information..." *Phillips v. GMC*, 307 F.3d 1206, 1211 (9th Cir. 2002). Furthermore, the Supreme Court has held that the language of Fed. R. Civ. P. 26(c) gives "broad discretion [to] the trial court to decide when a protective order is appropriate and what degree of protection is required..." and that "[t]he unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders." *Id.,* citing, *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

3.  In order for the Court to enter a protective order, the party seeking such order is required to show "good cause" for why such an order should be entered by showing specific prejudice or harm that could result if a protective order is not granted. *Phillips* at 1210-1211, citing, *Fed. R. Civ. P. 26(c)*; *Beckman Indus. Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992); *San Jose Mercury News, Inc. v. United States Dist. Ct.,* 187 F.3d 1096, 1102 (9th Cir. 1999). If the Court determines that harm or prejudice could result, it must then weigh that harm against the public's interest in disclosure to determine whether a protective order is warranted. *Phillips* at 1211.

4.  In the present lawsuit, the harm that will result to the Peskys, and potentially to third-parties,

PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER - 2

absent a protective order for Confidential Information is the public disclosure of personal, financial and other sensitive information that is not necessary to the resolution of this lawsuit, but which is contained in documents that are otherwise necessary, or useful, to the resolution of this lawsuit. For example, an issue in the present case is whether the Peskys were entitled to a deduction for a charitable contribution of stock that was affected via a direct transfer of shares from one brokerage account to the charity's brokerage account. The brokerage account statements reflecting this transfer are highly useful to substantiating the claimed deduction, but those same documents reflect the brokerage account numbers, which are irrelevant to resolution of this lawsuit, but could expose both the Peskys and the charity to theft, fraud or other misuse of that information if it is made public. Similar issues are presented by information that may be produced regarding the Peskys' home mortgage, deductions resulting from pass-through entities in which the Peskys hold interests, and related tax items that may be substantiated through documents and information that contain both relevant and irrelevant, but highly sensitive, personal and confidential, information.

5.      The Peskys understand that the litigation of tax issues necessarily requires the disclosure of information that people would normally consider to be private and confidential, and they are not seeking to keep the Parties from obtaining and using information that is necessary to the resolution of this lawsuit. Accordingly, the Peskys, through their counsel, have proposed a Protective Order which imposes a good faith standard upon the party claiming protection; requires a party to designate only those pages of multi-page documents actually containing Confidential Information as subject to the Protective Order; provides a process for resolving disputes concerning the designation of information as Confidential Information; and provides for broad use and disclosure of Confidential Information by the Parties for purposes related to this lawsuit.

PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER - 3

6.	Entering a Protective Order at this time will also conserve the resources of the Parties, third-parties and the Court by reducing, or eliminating, the possibility of ongoing discovery disputes that will likely result if the Parties, and third-parties, are forced to seek protective orders from the Court on an *ad hoc* basis every time Confidential Information is to be produced in response to a discovery request.  It is axiomatic that the Court has broad discretion to order the discovery process so as to maximize efficiency and minimize costs to the Parties, third-parties and the Court, which is exactly what the proposed Protective Order would accomplish.

7.	Due to the nature of the present lawsuit, a suit against the IRS for the refund of taxes, there is a clear danger that highly sensitive, personal and confidential information could be made public exposing the Parties, and third-parties, to the risk of misappropriation and misuse of that information.  By contrast, there is little or no harm to the public interest that would result from the requested Protective Order, as it is contemplated that only a minor portion of the information relevant to the final determination of the issues in the present lawsuit will be subject to the Protective Order.  Furthermore, the granting of the requested Protective Order will streamline the discovery process and conserve the resources of the Parties, third-parties and the Court.  For these reasons the Peskys, through their counsel, respectfully submit that the Court should enter a Protective Order in substantially similar form to the proposed order attached hereto as Exhibit A.

Dated this 18th day of October, 2010.		**THORNTON BYRON LLP**


							By: /s/ Justin C. Jones
							     Justin C. Jones, Esq.
							     Counsel for Plaintiffs


PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER - 4

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the 18th day of October, 2010, a true and correct copy of the foregoing Plaintiffs' Memorandum in Support of Motion for Protective Order was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Michael P. Hatzimichalis | Michael.P.Hatzimichalis@usdoj.gov |
| Landon Monte Yost | Landon.M.Yost@usdoj.gov |

/s/ Justin C. Jones
Justin C. Jones, Esq.
Counsel for Plaintiffs