UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALAN PESKY AND WENDY PESKY,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 1:10-CV-186-BLW<br><br>**MEMORANDUM DECISION AND PROTECTIVE ORDER** |

# INTRODUCTION

Plaintiffs request a protective order in this case. The Government objects. After failed attempts to informally mediate the dispute, the parties filed short briefs. For the reasons explained below, the Court will enter Plaintiffs' proposed protective order, but with certain modifications suggested by the Government.

# ANALYSIS

Generally, the public should be given access to documents and information produced during discovery. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). Thus, pretrial discovery is presumptively public. *Id*. However, "Rule 26(c) authorizes a district court to override this presumption where 'good cause' is shown." *Id*. In relevant part, Rule 26(c) states that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment,

oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c).  A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted.  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

In this case, Plaintiffs assert that they, and potentially third parties, will be harmed absent a protective order.  Specifically, they suggest that the public disclosure of personal, financial and other sensitive information unnecessary to the resolution of this lawsuit, but contained in documents otherwise necessary or useful to the resolution of this lawsuit, will cause the harm.  As an example, Plaintiffs explain that an issue in the case is whether they were entitled to a deduction for a charitable contribution of stock that was affected via a direct transfer of shares from one brokerage account to the charity's brokerage account.  Plaintiffs contend that the brokerage account statements reflecting this transfer are useful to substantiating the claimed deduction, but they also apparently reflect the brokerage account numbers, which could expose both Plaintiffs and the charity to theft, fraud or other misuse of that information if it is made public.  Plaintiffs contend that similar issues are presented by information which may be produced regarding Plaintiffs' home mortgage, deductions resulting from pass-through entities in which Plaintiffs hold interests, and related tax items that may be substantiated through documents and information that contain both relevant and irrelevant, but highly sensitive, personal and confidential, information.

However, Plaintiffs concede that because this case involves the litigation of tax

issues, it necessarily requires disclosure of information generally considered private and confidential. Plaintiffs indicate that they are not seeking to keep the parties from obtaining and using information that is necessary to the resolution of this lawsuit. Accordingly, Plaintiffs propose a Protective Order which imposes a good faith standard upon the party claiming protection, requires a party to designate only those pages of multi-page documents actually containing confidential information as subject to the Protective Order, provides a process for resolving disputes concerning the designation of information as confidential information, and provides for broad use and disclosure of confidential information by the parties for purposes related to this lawsuit. Plaintiffs suggest that by entering a protective order at this early stage of the litigation, the parties will conserve time and resources by reducing or eliminating ongoing discovery disputes.

Although the Government opposes a protective order altogether, it also takes issues with specific portions of Plaintiffs proposed protective order should the Court be inclined to enter the order. Under the circumstances of this case and the examples given by Plaintiffs, the Court finds good cause to enter a protective order which includes the general process outlined in Plaintiffs' proposed protective order. However, the Court agrees with several of the Government's proposed changes. Therefore, the Court will briefly explain its reasons for adopting some of the Government's proposed changes below.

1. **Paragraph 2**

The Government takes issue with Plaintiffs attempt to protect "proprietary

**MEMORANDUM DECISION AND PROTECTIVE ORDER - 3**

information of a commercially, financially or personally sensitive nature." The Government argues that this is not the correct standard as a matter of law. The Government contends that controlling standard for protective orders is Fed. R. Civ. P. 26(c). The Government is correct about the standard. However, information of a commercially, financially or personally sensitive nature may fall within that standard. Accordingly, the Court will adopt the Government's proposed language, with the understanding that some commercially, financially or personally sensitive information will likely be covered under that standard.

### 2. Paragraph 4

The Government contends that Plaintiffs seek to shift the burden of challenging any designations to the Government and improperly alleviating themselves of the burden of establishing that the information is protected under Fed. R. Civ. P. 26(c). The Government argues that it should not be forced to file motions to declassify information that Plaintiffs unilaterally contend is confidential.

The language suggested by Plaintiffs is fairly standard for protective orders issued by this Court. Moreover, the language does not shift the burden. It states that "[t]he party who designated the information as confidential information shall bear the burden of demonstrating that the information is entitled to protection from disclosure under this order and applicable law." The Court expects counsel to act in good faith when designating information as confidential, so the objections should be minimal and the burden light. Under these circumstances, the Court will use the language proposed by

Plaintiffs.

   3.   **Paragraph 5**

The Government contends that Plaintiffs refuse to include a provision that makes clear that all documents which have already been made public should remain public. The Government suggests language to that effect. The Court agrees with the Government's contention, and there is at least some precedent for generally finding a waiver in such circumstances. *Level 3 Communications, LLC v. Limelight Networks, Inc.*, 611 F.Supp.2d 572, 583-84 (E.D.Va. 2009). This is particularly true where Plaintiffs themselves have made the information public. Accordingly, the Court will add the language suggested by the Government. However, Plaintiffs may petition the Court, through the Court's informal mediation process or by formal motion, if they have an argument that any such information was inadvertently or improperly made public – particularly in a case where the disclosure was made by a third party.

   4.   **Paragraph 7**

The Government takes issue with Plaintiffs' request to have all confidential information in filings with the Court made under seal. The Government argues that it is contrary to law and conflates the standard for protective orders with that for sealing information. In *Pintos v. Pac. Creditors Assoc.*, 605 F.3d 665, 677-78 (9th Cir. 2009), the Ninth Circuit ruled that a party must establish "compelling reasons" supported by "specific factual findings" by the Court to justify keeping pleadings secret with respect to dispositive motions. "This standard derives from the common law right to inspect and

copy public records and documents, including judicial records and documents." *Id*. at 678. However, the "good cause" standard applies when a party seeks access to discovery attached to nondispositive motions because they are typically only tangentially related or unrelated to the underlying cause of action. *Id*. Thus, the public's interest in accessing the information is not as strong.

The Court agrees with the Government's concern that all confidential information be filed under seal. The protective order will therefore apply to all confidential information attached to nondispositive motions, but the higher "compelling reasons" standard will need to be met before information attached to dispositive motions may be filed under seal. In these circumstances, the parties shall meet and confer to determine whether the information should be filed under seal. If the parties cannot agree, they shall attempt to informally mediate the matter as outlined in the Court's Case Management Order. If that fails, the parties may brief the issue and the Court will issue a ruling.

### 5. Paragraph 9

The Government contends that Plaintiffs' proposal undermines existing law and key Government functions by requiring that any confidential information be used solely for this litigation and not survive the conclusion of this matter. For example, the Government explains that it must maintain certain records after the conclusion of this lawsuit in accordance with the Justice Department's written record retention policy, and that it has an obligation to disclose certain non-exempt information under the FOIA. 5 U.S.C. § 522. The Government also states that paragraph 9 is inconsistent with

paragraph 5 of the proposed protective order.

The proposed protective order states that it applies except as specifically set forth in paragraph 5. Therefore, paragraph 5 is not a concern. However, the Court is cognizant of the Government's retention policies and its obligations under FOIA. Accordingly, the Court will adopt Plaintiff's language, but carve out an exception for these two circumstances. Plaintiffs' may oppose such disclosures if and when they become an issue – for example at the end of this case.

### 6. Paragraph 10

The Government requests that the deliberative process privilege be included. The deliberative process privilege may be raised as an argument by the Government if and when it deems necessary. However, the Court will not add a blanket statement about the deliberative process privilege to the protective order.

## ORDER

In accordance with the Memorandum Decision above regarding the designation of certain materials, documents and information produced pursuant to discovery requests in the above captioned matter as confidential, **IT IS HEREBY ORDERED** as follows:

1. INFORMATION. Documents, written discovery responses, electronic data, exhibits, or testimony (including the transcript of such testimony) produced by a party to an opposing party, or produced in connection with discovery taken from a third-party concerning a party to the present action, shall hereinafter be called "Information."

2. CONFIDENTIAL INFORMATION. Should a Party wish to designate

Information as "Confidential" hereunder ("Confidential Information") it shall mark or stamp each page of such Information as provided for in § 3 hereof. Any such designation of Information as Confidential Information shall be in good faith and shall be on the basis that the Information falls within the protections of Federal Rule of Civil Procedure 26(c). With respect to multi-page documents which contain Confidential Information, the designation shall be made by marking or stamping each page containing Confidential Information.

3. DESIGNATION OF CONFIDENTIAL INFORMATION. To designate Information produced as Confidential Information, such Information shall be marked or stamped as follows:

> **Confidential Information Subject to the Protective Order of the United States District Court for the District of Idaho Case No. 1:10-CV-186-BLW**

4. CHALLENGE TO DESIGNATION. If a Party disagrees with a designation of Information as Confidential Information, or disputes the limitations on access to be accorded such information under this Protective Order, the objecting Party shall provide to the relevant opposing Party written notice of its disagreement and specifically identify the Confidential Information or restriction on access in dispute. If, despite good faith effort, the dispute cannot be resolved by the parties to the dispute in accordance with § 8 hereof, the objecting Party may seek relief from the Court by motion, or as may be directed by the Court. The Party who designated the Information as

Confidential Information shall bear the burden of demonstrating that the Information is entitled to protection from disclosure under this Order and applicable law.  Pending the Court's ruling, the objecting Party shall continue to treat the information as Confidential Information and limit the use and access thereto in the manner required by this Order.

  5.  PERSONS TO WHOM A PARTY MAY RELEASE CONFIDENTIAL INFORMATION.  The Parties may release Confidential Information solely to the following persons for the purposes set forth in § 9(a) hereof:

  (a)  The Parties to this action;

  (b)  Attorneys, legal assistants, employees of counsel for the parties, employees of the Internal Revenue Service, accountants, experts, litigation support vendors or consultants of the Parties, and such persons' employees;

  (c)  The Court, Court personnel, mediators and persons employed by the Court;

  (d)  Court reporters and videographers who are retained to transcribe or videotape testimony in this lawsuit;

  (e)  Disclosure may be made to any fact witnesses or potential fact witnesses when a good faith determination is made that the documents would be relevant to their testimony or potential testimony.  Such witnesses shall be informed of this Order, that it applies to them, and be given a copy of the Order; and

(f) Disclosure may be made to the Internal Revenue Service.

Any person disseminating Confidential Information to another person in accordance with the provisions hereof shall make the person receiving the Confidential Information aware of the contents of this Order. Such person shall acknowledge such awareness in writing.

Notwithstanding any provision or section of this Order, where counsel believe that Confidential Information or documents, either facially or in conjunction with other information, indicates a violation or potential violation of law – criminal, civil, or regulatory in nature – the relevant Confidential Information may be disclosed to the appropriate federal, state, local, foreign or tribal law enforcement authority or other appropriate agency charged with the responsibility of investigating or prosecuting such a violation or enforcing or implementing such law.

Notwithstanding any provision or section of this Order, the parties may disclose Confidential Information if necessary to comply with a subpoena or court order, whether or not originating with the Court in this captioned stipulation. Provided, however, that before disclosing such Confidential Information the person or entity that is the subject of such subpoean or court order shall provide notice to the party designating the information as Confidential Information, along with a copy of the subpoena or court order to be complied with, not less than 14 days prior to the date set forth in such subpoena or court order for compliance.

Notwithstanding any provision or section of this Order, the parties may not further restrict the use of Information filed with the Court or submitted to the Court during a

public hearing or trial.

6. NOTICES. Any notice required to be given under this section or this Order may be made by electronic mail or facsimile transmission to a Party's counsel of record. Notice made by electronic mail or facsimile transmission shall be deemed received when sent.

7. SUBMISSION OF CONFIDENTIAL INFORMATION TO THE COURT.

(a) All Confidential Information, and any pleading or other paper containing Confidential Information, filed with this Court in relation to a nondispositive motion shall be filed under seal in accordance with the procedures of this Court.

(b) Should a Party wish to introduce Confidential Information related to a nondispositive motion as an exhibit in an evidentiary hearing, such Confidential Information shall be submitted under seal in accordance with applicable procedures of this Court. In the unlikely event that such sealed submission is not permitted, then the Party seeking to introduce the evidence shall retain the right to argue that such evidence shall be admitted other than under seal.

(c) If, through inadvertence or otherwise, Confidential Information related to a nondispositive motion is filed with the Court without the appropriate notice, the person responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of the Parties, and

shall make every effort to retrieve and prevent further disclosure of such Confidential Information.

(d) All Confidential Information filed with the Court in relation to a dispositive motion must first meet the "compelling reasons" standard outlined in *Pintos v. Pac. Creditors Assoc.*, 605 F.3d 665, 677-78 (9th Cir. 2009).

8. MEET AND CONFER. In the event of any controversy or disagreement regarding this, or arising under this, Order, the Parties to such dispute shall, prior to presenting such controversy or disagreement to the Court, "meet and confer" in a good faith effort to resolve such controversy or disagreement, either together or in conjunction with any Third Party or any other entity. The "meet and confer" requirement may be conducted via telephone.

9. LIMITATION ON USE AND SURVIVAL.

(a) Except as specifically set forth in § 5 of this Order, and except as explained in § 9(c) below, any Confidential Information disclosed to any person during the course of this lawsuit shall be used solely for the purposes of this lawsuit and shall not be disclosed or used by the recipients for any other purpose whatsoever, except to further claims directly related to, or arising out of, this lawsuit.

(b) Except as explained in § 9(c) below, all obligations and duties arising under this Order shall survive the final conclusion of this lawsuit, and all obligations and duties arising under this Order shall apply in the event of

settlement or dismissal of this lawsuit. This Court retains jurisdiction over any parties in interest respecting any dispute regarding the improper use of Confidential Information disclosed in accordance with this Order.

(c) The United States may maintain certain records after the conclusion of this lawsuit in accordance with the Justice Department's written record retention policy, and it may comply with its obligation to disclose certain non-exempt information under the FOIA. Plaintiffs may address the Court on these matters if and when they are ripe as explained above in the Memorandum Decision.

10. INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL. If a Party inadvertently produces privileged Information or Information subject to the work-product doctrine (collectively, "Privileged Information"), that Party may thereafter contend that such Information is Privileged Information. From and after the time of such contention, such Information shall be treated as Privileged Information, subject to further Court review of the asserted privilege. The inadvertent production of such Information shall not be deemed a waiver of the right to treat such Information as privileged.

11. INADVERTENT FAILURE TO DESIGNATE. If a Party inadvertently fails to designate produced Information as Confidential Information at the time of production, the Party may thereafter designate such Information as Confidential Information. From and after the time of such designation, such Confidential Information shall be treated as Confidential Information hereunder. The inadvertent failure to

designate shall not be deemed a waiver of the right to designate such Information Confidential.

12. **WITHDRAWAL OF DESIGNATION.** A Party may give written notice that it is eliminating a previous designation of Information as Confidential Information.

13. **USE OF OWN INFORMATION.** Nothing herein shall impose any restriction on the use or disclosure by a Party of its own documents, electronic data or other information.

14. **INADVERTENT DISCLOSURE.** If Confidential Information is inadvertently disclosed by a Party, a Party's representatives, attorneys or agents other than in the manner authorized by this Order, any such person shall immediately bring all pertinent facts relating to such disclosure to the attention of the Producing Party and shall make every effort to retrieve and to prevent further disclosure of the Confidential Information.

15. **ADMISSIBILITY.** Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at a trial or evidentiary hearing related to this lawsuit. Nothing contained in this Order or any designation of confidentiality hereunder or any failure to make such a designation shall be used or characterized by any Party as an "admission" by a Party or a Party opponent.

16. **AMENDMENT AND CONTINUED JURISDICTION.** Nothing herein shall prevent any party from moving the Court to amend or supplement this Order for cause shown, or to grant relief from this Order for cause shown. The Parties may, by

written stipulation of all of the Parties, move for the entry of an amended or supplemental order. The Court retains jurisdiction to interpret, modify, and enforce the terms of this Order.



DATED: **October 19, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge