UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

----oo0oo----

ALAN PESKY AND WENDY PESKY,     NO. CIV. 1:10-186 WBS

       Plaintiffs,

   v.                             MEMORANDUM AND ORDER RE:
                                    MOTION TO COMPEL PRODUCTION OF
UNITED STATES OF AMERICA,      DOCUMENTS AND INTERROGATORY
                                    RESPONSES
       Defendant.
_____/

----oo0oo----

        Defendant moves to compel production of documents in response to defendant's request for production of documents and to compel further responses to interrogatories 22 and 23 in defendant's first set of interrogatories. Both requests relate to plaintiffs' reasonable cause exception to tax penalties. For the purpose of the instant motion, the parties do not dispute that the requested documents or interrogatory responses are

protected by attorney-client or work-product privileges.[1]  The primary issue is whether plaintiffs have impliedly waived the privileges.

Numerous courts have held that the defense of reliance on the advice of counsel impliedly waives the attorney-client privilege.  See, e.g., New Phx. Sunrise Corp. v. C.I.R., 408 F. App'x 908, 919 (6th Cir. 2010); Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1196 (9th Cir. 2001); United States v. Workman, 138 F.3d 1261, 1263 (8th Cir. 1998); Glenmede Trust Co. v. Thompson, 56 F.3d 476, 486 (3d Cir. 1995); Chevron Corp. v. Pennzoil Co., 974 F.2d 1156, 1162 (9th Cir. 1992); Gonzales v. United States, No. C-08-03189, 2010 WL 1838948, at *2 (N.D. Cal. May 4, 2010); In re Broadcom Corp. Sec. Litig., No. SACV 01275, 2005 WL 1403513, at *2 (C.D. Cal. Apr. 7, 2005), affirmed by, No. SA CV 01275, 2005 WL 1403508 (C.D. Cal. May 10, 2005); In re G-I Holdings, Inc., 218 F.R.D. 428, 431 (D.N.J. 2003); Johnston v. C.I.R., 119 T.C. 27, 35 (U.S. Tax Ct. 2002), supplemented by 122 T.C. 124 (2004), aff'd on other grounds, 461 F.3d 1162 (9th Cir. 2006); see also Kaiser Found. Health Plan, Inc. v. Abbott Labs., Inc., 552 F.3d 1033, 1042 (9th Cir. 2009) (dictum); In re Lott, 424 F.3d 446, 453 (6th Cir. 2005) (same); In re Pioneer Hi-Bred Int'l, Inc., 238 F.3d 1370, 1374 (Fed. Cir. 2001) (same); Evergreen Trading, LLC ex rel. Nussdorf, 80 Fed. Cl. 122, 130 (2007) (same).

---

[1] A discussion of the attorney-client and work-product privileges can be found in United States v. Richey, 632 F.3d 559, 560 (9th Cir. 2011), a case involving the Internal Revenue Service's petition to enforce a summons against one of Alan Pesky and Wendy Pesky's appraisers.

2

In <u>Chevron Corp.</u>, the Ninth Circuit held:

> The privilege which protects attorney-client communications may not be used both as a sword and a shield. Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived. . . . [T]o the extent that [defendant] claims that its tax position is reasonable because it was based on advice of counsel, [defendant] puts at issue the tax advice it received.

<u>Chevron Corp.</u>, 974 F.2d at 1162 (citation omitted). Accordingly, by alleging that they relied on the advice of counsel in support of the reasonable cause exception to the tax penalties and by initially responding to defendant's interrogatory 22 about this allegation by stating that they relied on counsel's advice, plaintiffs have waived the attorney-client privilege. (<u>See</u> Compl. ¶¶ 78-79 (Docket No. 1); (Hatzimichalis Decl. Ex 3 at 9 (Pls.' Resp. to Def.'s First Set of Interrog.) (Docket No. 36-2).) Even if the court were to apply the three-part test used by some courts, the court would find that plaintiffs waived the privilege. <u>See</u> <u>In re G-I Holdings, Inc.</u>, 218 F.R.D. at 431 (applying three-part test).

"Most courts recognize that a work product waiver is not automatic in cases involving a reliance on counsel defense. . . . However, many courts do find that waiver of the work product doctrine is proper under the same fairness considerations that govern waiver of attorney-client privilege." <u>In re Broadcom Corp. Sec. Litig.</u>, 2005 WL 1403513, at *2 (citing cases). Accordingly, the court finds that plaintiffs have waived the work-product privilege here.

Plaintiffs' other arguments about relevance, defendant's burden of production, and the sufficiency of the

3

identity of the documents are without merit.[2]  Plaintiffs' responses to the instant discovery requests asserted privileges that the court finds that plaintiffs have waived and other arguments that the court now rejects.  Accordingly, defendant's motion to compel production of documents and interrogatory responses will be granted.  In order to determine whether any of the requested documents fall outside of the scope of the waiver, the court will order plaintiffs to submit their proposed responses to the court for in camera review.

IT IS THEREFORE ORDERED that defendant's motion to compel production of documents and interrogatory responses be, and the same hereby is, GRANTED, subject to the following procedures.

With respect to documents:

(1)  Plaintiffs shall, using the two privilege logs that plaintiffs have already produced, place check marks next to all documents on the privilege logs that are responsive to the disputed request for production of documents relevant to plaintiffs' reasonable cause exception to tax penalties and that plaintiffs may rely upon at trial to prove their reasonable cause exception.  Plaintiffs shall provide these check-marked privilege logs to defendant within ten days of the date of this Order.

(2)  Defendant shall, using plaintiffs' previously

---

[2] Plaintiffs have also argued, without specificity, that fairness may not require all of the requested discovery. (Pls.' Resp. at 4-8 (relying on, among other cases, Bittaker v. Woodford, 331 F.3d 715, 720-21 (9th Cir. 2003) (en banc) (case involving ineffective assistance of counsel claim in habeas corpus context)) (Docket No. 47).)  Here, however, the court finds, to the contrary, that fairness requires discovery.

4

check-marked privilege logs, place check marks next to <u>additional</u> documents on the privilege logs that defendant believes are responsive to the disputed request for production of documents relevant to the reasonable cause exception.  Defendant shall return the check-marked privilege logs to plaintiffs within fifteen days of the date of this Order.

(3) Plaintiffs shall provide all documents on the privilege logs by which <u>either</u> plaintiffs or defendant has placed a check mark to the court for <u>in camera</u> review within twenty days of the date of this Order.  In addition to the privileged documents, plaintiffs shall provide the check-marked privilege logs to the court.  The court will then determine, and inform the parties, which documents plaintiffs must produce to defendant in response to the disputed request for production of documents.

With respect to interrogatory responses, plaintiffs shall provide proposed responses to the disputed interrogatories, 22 and 23, which also relate to the reasonable cause exception, to the court for <u>in camera</u> review within twenty days of the date of this Order.  The court will determine, and inform the parties, whether plaintiffs' proposed interrogatory responses are sufficient.

Submissions may be e-mailed to the court's Orders e-mail address: WBSorders@caed.uscourts.gov.

DATED: July 26, 2011

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE