UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

----oo0oo----

ALAN PESKY AND WENDY PESKY,   NO. CIV. 1:10-186 WBS

    Plaintiffs,

    v.

UNITED STATES OF AMERICA,

    Defendant.

MEMORANDUM AND ORDER RE: MOTION FOR A DETERMINATION OF CONFLICT OF INTEREST ISSUES

----oo0oo----

Presently before the court is defendant's motion for a determination of conflict of interest issues. Motions to disqualify counsel are decided under state law. In re Cnty. of Los Angeles, 223 F.3d 990, 995 (9th Cir. 2000); see also Optyl Eyewear Fashion Int'l Corp. v. Style Co., Ltd., 760 F.2d 1045, 1048 (9th Cir. 1985) ("The standards for disqualification of an attorney who may be a witness at trial derive from the applicable disciplinary rules . . . ."); D. Idaho L.R. 83.5 ("All members of the bar of the District Court . . . and all attorneys permitted to practice in this Court must familiarize themselves with and comply with the Idaho Rules of Professional Conduct of the Idaho

State Bar and decisions of any court interpreting such rules. These provisions are adopted as the standards of professional conduct for this Court but must not be interpreted to be exhaustive of the standards of professional conduct.").

The parties agree that Idaho Rules of Professional Conduct 1.7 (conflict of interest with respect to current client), 1.10 (imputation of conflict of interest), and 3.7 (lawyer as witness) are possibly implicated. See Idaho Rules Prof'l Conduct 1.7, 1.10, 3.7. "Regarding motions to disqualify counsel in Idaho generally, it is clear that '[t]he moving party has the burden of establishing grounds for the disqualification.'" Parkland Corp. v. Maxximum Co., 920 F. Supp. 1088, 1091 (D. Idaho 1996) (quoting Weaver v. Millard, 120 Idaho 692, 697 (Ct. App. 1991)) (alteration in original). Moreover, "[t]he cost and inconvenience to clients and the judicial system from misuse of the rules for tactical purposes is significant. Because of this potential for abuse, disqualification motions should be subjected to 'particularly strict judicial scrutiny.'" Optyl, 760 F.2d at 1050 (quoting Rice v. Baron, 456 F. Supp. 1361, 1370 (S.D.N.Y. 1978)).

I. Plaintiffs' Counsel's Representation of Co-Investors

Idaho Rule of Professional Conduct 1.7(a) provides that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest." Idaho Rule Prof'l Conduct 1.7(a). A concurrent conflict of interest exists if "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client." Idaho Rule Prof'l Conduct

1.7(a)(2) (emphases added).

Comment 8 explains that "[t]he mere possibility of subsequent harm does not itself require disclosure and consent." Idaho Rule Prof'l Conduct 1.7 cmt. 8. The crucial issues "are the likelihood that a difference in interests will eventuate and, if it does, whether it will materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client." Id. "A conflict may exist by reason of substantial discrepancy in the parties' testimony, incompatibility in positions in relation to an opposing party or the fact that there are substantially different possibilities of settlement of the claims or liabilities in question." Idaho Rule Prof'l Conduct 1.7 cmt. 23. A conflict of interest may exist at the time representation is undertaken or may arise thereafter. See Idaho Rule Prof'l Conduct 1.7 cmts. 3-5.

With respect to imputed disqualification, Rule 1.10 provides that, "[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7." Idaho Rule Prof'l Conduct 1.10.

Here, Paul L. Westberg of Westberg, McCabe & Collins and David John Thornton, Jr., Justin Jones, and Richard M. Weber, Jr., of Thornton Byron LLP are counsel of record for plaintiffs.[1]

---

[1] Plaintiffs appear to have been also advised by other Thornton Byron attorneys on relevant matters who are not counsel of record in the instant action. (See Pls.' Response at 13-15

According to defendant, "[t]he Sterns (who are not parties to this litigation) were co-investors in the property upon which the conservation easement at issue was placed, and have also claimed similar deductions; the Sterns' tax returns are also under examination by the IRS." (Def.'s Mot. at 2:13-15 (Docket No. 32-1).) The same attorneys represent the Sterns. (See id. at 6 n.5.)

Even though plaintiffs and the Sterns are represented by the same counsel, this fact alone does not require disqualification. See Idaho Rule Prof'l Conduct 1.7(a)(2).

The only additional facts that defendant points to are the Sterns not filing suit and the Internal Revenue Service reopening its examination to determine whether plaintiffs and the Sterns committed fraud, thus warranting harsher penalties than already assessed. (See Def.'s Mot. at 15:10-15; Def.'s Reply at 4:4-10 (Docket No. 37).) Defendant also points to the Sterns disclosing one document allegedly protected by plaintiffs' attorney-client privilege, (see Hatzimichalis Supplemental Decl. Ex. 21 (Docket No. 37-1)), while plaintiffs have not disclosed attorney-client communications. (See Def.'s Reply at 5:14-16.)

Plaintiffs' counsel represented to the court at the hearing that they have obtained written consent from their clients, which is one of the requirements of Rule 1.7(b), which allows representation despite a conflict of interest. See Idaho Rule Prof'l Conduct 1.7(b). Moreover, the court cannot even conclude at this stage that a significant risk of material

---

(Docket No. 35).)

limitation exists. As Comment 8 explains, "[t]he mere possibility of subsequent harm does not itself require disclosure and consent." Idaho Rule Prof'l Conduct 1.7 cmt. 8. Accordingly, the court will deny defendant's motion on this ground.[2]

II. <u>Plaintiffs' Reliance on the Advice of Counsel and Plaintiffs' Counsel's Other Involvement in Case</u>

Rule 3.7, the advocate-witness rule, provides:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is <u>likely</u> to be a <u>necessary</u> witness unless:

    (1) the testimony relates to an uncontested issue;

    (2) the testimony relates to the nature and value of legal services rendered in the case; or

    (3) disqualification of the lawyer would work substantial hardship on the client.

Idaho Rule of Prof'l Conduct 3.7(a)(1)-(3) (emphases added).

The Comments explain:

Combining the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client. . . .
The tribunal has proper objection when the trier of fact may be confused or misled by a lawyer serving as both advocate and witness. The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on

---

[2] Plaintiffs have also raised the issue of whether defendant has standing to make the instant motion. Even if defendant does not have standing to move for disqualification based on conflict of interest grounds, see generally <u>Weaver v. Millard</u>, 120 Idaho 692, 698 (Ct. App. 1991), there has been no suggestion that defendant lacks standing to move to disqualify plaintiffs' counsel on the alternative ground it raises, the advocate-witness rule.

5

> evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.

Idaho Rule of Prof'l Conduct 3.7 cmts. 1-2.

When an attorney is likely to be a witness, a Rule 1.7 conflict of interest may also exist or may exist even if a Rule 3.7 disqualification does not exist. See Idaho Rule of Prof'l Conduct 3.7 cmt. 6. Rule 1.7 specifically provides that a conflict of interest exists if "there is a significant risk that the representation of one or more clients will be materially limited . . . by the personal interests of the lawyer." Idaho Rule of Prof'l Conduct 1.7(a)(2).

Rule 3.7 disqualification is not imputed to the firm. See Idaho Rule of Prof'l Conduct 3.7(b). However, Rule 1.10 imputed disqualification applies to the extent that a Rule 1.7 conflict of interest exists. See Idaho Rule of Prof'l Conduct 3.7 cmt. 6.

Here, plaintiffs allege in their Complaint that they relied on the advice of counsel in support of Count III. (See Compl. ¶¶ 78-79 (Docket No. 1).) Further, defendant has pointed to some documents suggesting that Thornton Byron attorneys' involvement in this case goes beyond plaintiffs' reliance on their legal advice, such as involvement in the appraisal of the conservation easement. (See Def.'s Mot. at 10:13-11:1; Def.'s Reply at 6:10-9:1.)

The defense of reliance on the advice of counsel can implicate the advocate-witness or conflict of interest rules. See, e.g., Crossroads Sys. (Tex.), Inc. v. Dot Hill Sys. Corp., No. A-03-CA-754, 2006 WL 1544621, at *10 (W.D. Tex. May 31,

2006); United States v. Swafford, No. 1:04, 2004 WL 5575829, at *5 (E.D. Tenn. Sept. 15, 2004); Miller v. Colo. Farms, No. CIV. A. 97WY2015WD, 2001 WL 629463, at *3 (D. Colo. Jan. 16, 2001); Para Technologies Trust v. C.I.R., 64 T.C.M. (CCH) 922, 1992 WL 237247, at *4 (1992).

However, a party ordinarily has the right to choose his lawyer, and the courts are very cautious in interfering with that right. "Disqualification is considered 'a drastic measure which courts should hesitate to impose except when absolutely necessary.'" Microsoft Corp. v. Immersion Corp., No. C07-936RSM, 2008 WL 682246, at *2 (W.D. Wash Mar. 07, 2008) (quoting U.S. ex rel. Lord Elec. Co., Inc. v. Titan Pac. Constr. Corp., 637 F. Supp. 1556, 1562 (W.D. Wash. 1986)).

It would be premature at this stage to determine what witnesses may testify and which attorneys might participate in the trial. It is also too early to determine what role any of plaintiffs' counsel is likely to play at the trial. The court is satisfied that plaintiffs' counsel understand their obligations under the attorney-advocate rule and will take the necessary steps to avoid violating that rule.

IT IS THEREFORE ORDERED that defendant's motion for a determination of conflict of interest issues be, and the same hereby is, DENIED without prejudice to renewal.

DATED: July 26, 2011

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE