UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

----oo0oo----

| | |
|---|---|
| ALAN PESKY AND WENDY PESKY, | NO. CIV. 1:10-186 WBS |
| Plaintiffs, | |
| v. | MEMORANDUM AND ORDER RE: MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

----oo0oo----

Following the court's Order granting defendant's motion to compel, (Docket No. 52), plaintiffs submitted their proposed supplemental interrogatory responses to the court for in camera review. Plaintiffs also submitted documents on which they may rely at trial in support of the reasonable cause exception and documents sought by defendant for in camera review.

I. Proposed Supplemental Interrogatory Responses

The court finds the proposed supplemental responses to interrogatories 22 and 23 to be responsive.

II. Requests for Production of Documents

The attorney-client privilege waiver generally extends to "all communications relating to the 'same subject matter.'" In re Broadcom Corp. Sec. Litig., No. SACV 01275, 2005 WL 1403513, at *2 (C.D. Cal. April 7, 2005) (quoting Chiron Corp. v. Genentech, Inc., 179 F. Supp. 2d 1182, 1187 (E.D. Cal. 2001) (Hollows, M.J.)), affirmed by No. SA CV 01275, 2005 WL 1403508 (C.D. Cal. May 10, 2005). "While waiver extends to all communications on the same subject matter, it should be 'no broader than needed to ensure the fairness of the proceedings.' The purpose of the waiver is to allow the opposing party to respond to the reliance on counsel defense." Id. (quoting Bittaker v. Woodford, 331 F.3d 715, 720 (9th Cir. 2003); see also id. (noting difference between Terra Novo, Inc. v. Golden Gate Prods., Inc., No. C-03-2684, 2004 WL 2254559, at *2 (N.D. Cal. 2004) ("[The waiver] is only as broad as necessary to assure fair disclosure on the subject matter of the advice."), and Chiron, 179 F. Supp. 2d at 1186 ("The scope of waiver must of necessity be somewhat broad.") (alteration in original)).

Waiver of the work-product privilege is also a "subject matter" waiver. See New Phx. Sunrise Corp. v. C.I.R., 408 Fed. App'x 908, 919 (6th Cir. 2010); In re Broadcom Corp. Sec. Litig., 2005 WL 1403513, at *2; In re G-I Holdings, Inc., 218 F.R.D. 428, 431 (D.N.J. 2003). "District courts in the Ninth Circuit have routinely held that reliance on the advice of counsel defense waives work product protection for both undisclosed and disclosed documents and information." Adidas Am., Inc. v. Payless Shoesource, Inc., No. CV 01-1655, 2006 WL 2999739, at *2 (D. Or. Oct. 19, 2006) (citing cases). But see, e.g., In re EchoStar

2

Commc'ns Corp., 448 F.3d 1294, 1303 (Fed. Cir. 2006) (addressing defense of reliance on the advice of counsel in the patent infringement context and holding that work-product waiver does not extend to "documents analyzing the law, facts, trial strategy, and so forth that reflect the attorney's mental impressions but were not given to the client").

The court looks to the proposed supplemental response to interrogatory 22 to determine the scope of the waiver. With respect to plaintiffs' counsel in 1993, Paul Street, the plaintiffs relied on him in

> acquiring the property that was ultimately the subject of the 2002 conservation easement at issue in the present case ("Conservation Easement") in 1993 and preparing all related documentation. . . . [and] documenting the transaction in a manner consistent with the parties' intent that the Conservation Easement would be granted to The Nature Conservancy as a charitable donation at a future date.

With respect to Thornton Byron attorneys, plaintiffs relied on them between 2001 and 2003

> to ensure that the Deed of Conservation Easement complied with the legal requirements for the charitable contribution of a conservation easement, to select and engage an appraiser who met the requirements for a "qualified appraiser" as that term was defined in the applicable Treasury Regulations, to ensure that the appraiser's report complied with the requirements for a "qualified appraisal" as that term was defined in the applicable Treasury Regulations, and to ensue [sic] that the proper forms and documents were submitted with their income tax return on which the charitable contribution deduction for the Conservation Easement was initially claimed as a deduction.

1.  Paul Street Privilege Log

With respect to the Paul Street privilege log, plaintiffs shall produce the documents on which plaintiffs may rely at trial, by which they placed a check-mark on the privilege

3

log.

Several of the documents sought by defendant, next to which it placed check-marks on the privilege log, relate to acquiring the Ketchum property and documenting the transaction in a "manner consistent with the parties' intent that the Conservation Easement would be granted to The Nature Conservancy as a charitable donation."[1] Those documents can generally be broken into four sub-categories: documents relating to (1) determining whether plaintiffs could get access to the land-locked Ketchum property if they decided to acquire the option contract to buy the Ketchum property from TNC, (2) negotiating and executing the agreements with TNC in which TNC promised to assign the option contract to plaintiffs and plaintiffs promised to grant a conservation easement to TNC, (3) exercising the option contract to buy the Ketchum property from a third-party

---

[1] Specifically those documents are designated as: PSS000046-PS000047, PSS000048-PS000049, PSS000056, PSS000060-PS000063, PSS000076-PS000077, PSS000104-PS000105, PSS000109-PS000110, PSS000111-PS000120, PSS000121-PS000123, PSS000128-PS000129, PSS000195-PS000198, PSS000204-PS000206, PSS000207, PSS000213, PSS000231-PS000232, PSS000248-PS000251, PSS000264-PSS000265, PSS000266-291, PSS000309-PS000324, PSS000357-PSS000362, PSS000363-PSS000365, PSS000385-PSS000390, PSS000391, PSS000401-PS000402, PSS000403-PS000404, PSS000407, PSS000408-PS000414, PSS000458-PS000461, PSS000514-PS000515, PSS000534-PS000535, PSS000558-PS000559, PSS000560-PS000562, PSS000595-PS000605, PSS000606-PS000617, PSS000677-PS000687, PSS000698-PS000699, PSS000703-PS000705, PSS000706-PS000707, PSS000720-PSS000721, PSS000722, PSS000723-PSS000725, PSS000726-PSS000727, PSS000731-PSS000734, PSS000737-PSS000744, PSS000745-PSS000746, PSS000747-PSS000750, PSS000751-PSS000758, PSS000759-PSS000760, PSS000761-PSS000764, PSS000765-PSS000774, PSS000830-PSS000842, PSS000845-PSS000848, PSS000849-PSS000853, PSS000854-PSS000859, PSS000860-PSS000863, PSS000864-PSS000871, PSS000872-PSS000874, PSS000909-914, PSS000915-PSS000925, PSS000926-PSS000927, PSS000928-PSS000929, PSS000930-PSS000931, PSS000938-PSS000839, PSS0001205-PSS0001208, PSS001429-PSS001430, PSS001471-PSS0001472, and PSS001918-PSS001922.

4

and closing the transaction, and (4) TNC and plaintiffs fulfilling their obligations under the agreements, including TNC's promise to grant plaintiffs a driveway easement over TNC's adjoining Hemingway property, and amending the agreements in later years. The court finds that fairness requires production of them.

The court will **not** order production of the other documents identified in the Paul Street privilege log sought by defendant.[2] Those documents generally concern (1) Paul Street's representation of plaintiffs in an action brought by the then-owners of the Ketchum property against plaintiffs, TNC, and others (plaintiffs would eventually buy the property from the then-owners, arguably in an attempt to moot litigation) and (2) plaintiffs' attempt to sell the Ketchum property in the 1990s.

It appears that plaintiffs failed to provide the court with one document sought by defendant: PSS000003-PS000004.[3] The court will order plaintiffs to submit this document for <u>in camera</u> review.

2. <u>Thornton Byron Privilege Log</u>

With respect to the Thornton Byron privilege log, the court will order plaintiffs to produce the documents on which

---

[2] PSS000335, PSS000477-PS000478, PSS000485-PS000487, PSS000490-PS000497, PSS000498, PSS000510-PS000513, PSS000547-PS000548, PSS000555-PS000557, PSS000569, PSS000570-PS000571, PSS000575-PS000576, PSS000582-PS000583, PSS000584-PS000586, PSS000700-PS000701, PSS000702, PSS000708, PSS000709-PSS000710, PSS000718-PSS000719, PSS000819-PSS000823, PSS000824, and PSS001170.

[3] Plaintiffs mistakenly provided PSS000728-PS000730. Neither side placed a check-mark next to it on the privilege log. Plaintiff need not produce this document.

5

they may rely at trial, which they have check-marked on the privilege log.

The court will also order plaintiffs to produce the following documents sought by defendant, by which it placed check-marks on the privilege log: AWP_PRIV000203-AWP_PRIV000205, AWP_PRIV000014-AWP_PRIV000015, AWP_PRIV000016-AWP_PRIV000024, AWP_PRIV000201-AWP_PRIV0000202, AWP_PRIV000008-AWP_PRIV000013, AWP_PRIV000208, AWP_PRIV000006-AWP_PRIV000007, AWP_PRIV0000206-AWP_PRIV000207, AWP_PRIV000025-AWP_PRIV000026, and AWP_PRIV000027. Those documents relate to selecting and engaging a "qualified appraiser" and the court finds that fairness requires production of them.

The court will **not** order production of the other documents from the Thornton Byron privilege log sought by defendant, which appear to have been generated in 2008, after the relevant years.[4]

IT IS THEREFORE ORDERED that plaintiffs shall serve the proposed supplemental interrogatory responses on defendant within five days of the date of this Order.

IT IS FURTHER ORDERED that within ten days from the date of this Order plaintiffs shall produce all documents by which they placed check-marks on the privilege logs, and all documents by which defendant placed check-marks on the privilege logs, **except for the following documents**: PSS000003-PS000004, PSS000335, PSS000477-PS000478, PSS000485-PS000487, PSS000490-PS000497, PSS000498, PSS000510-PS000513,

---

[4] AWP_PRIV000236, AWP_PRIV000739, and AWP_PRIV000237-251.

```
 1  PSS000547-PS000548, PSS000555-PS000557, PSS000569,
 2  PSS000570-PS000571, PSS000575-PS000576, PSS000582-PS000583,
 3  PSS000584-PS000586, PSS000700-PS000701, PSS000702, PSS000708,
 4  PSS000709-PSS000710, PSS000718-PSS000719, PSS000819-PSS000823,
 5  PSS000824, PSS001170, AWP_PRIV000236, AWP_PRIV000739, and
 6  AWP_PRIV000237-251.
 7           IT IS FURTHER ORDERED that plaintiffs shall provide
 8  document PSS000003-PS000004 to the court for in camera review
 9  within five days from the date of this Order.
10  DATED:  August 29, 2011
```

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE