UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

----oo0oo----

| | |
|---|---|
| ALAN PESKY and WENDY PESKY, | NO. CIV. 1:10-186 WBS |
| Plaintiffs, | |
| v. | MEMORANDUM AND ORDER RE: MOTION FOR SUMMARY JUDGMENT ON MISCELLANEOUS DEDUCTIONS |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

----oo0oo----

Plaintiffs Alan and Wendy Pesky brought suit against the United States of America seeking a refund for taxes, penalties, and interest assessed against them for the 2003 and 2004 tax years. Currently before the court are the parties' cross-motions for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Docket Nos. 105, 106.)

The parties' dispute can generally be divided into two general topics: (1) deduction of the Conservation Easement, and (2) deduction of various other expenses. After carefully considering the parties' briefs, the court finds that these two

1

issues presented are best addressed in separate orders.  This order addresses the parties' claims regarding the Peskys' various claims for reimbursement based on disallowance of deductions in the 2002, 2003 and 2004 tax years, excluding the deductions and penalties related to the Conservation Easement.

I.   Factual and Procedural Background

In short, plaintiffs seek reimbursement for taxes paid to the IRS after the IRS disallowed certain deductions claimed by the Peskys in the 2002, 2003 and 2004 tax years.  (First Am. Compl. ("FAC") (Docket No. 72).)  Plaintiffs seek, in relevant part, reimbursements based upon total or partial disallowance of the following deductions: $202,278.00 in stock donated to the Pesky Family Foundation, (id. ¶ 32); $41,308.00, $41,514.00, and $86,155.00 in mortgage interest deductions, (id. ¶¶ 30-31, 44-45, 68-69); $47,892.00 and $112,963.00 in miscellaneous itemized deductions after the two percent adjusted gross income limitation, including investment interest, foreign tax credits, and deductions passed through to the Peskys from partnerships in which they held an interest, (id. ¶¶ 34-35, 49-60).  While the Peskys originally filed claims for reimbursement based on disallowance of Schedule C business deductions and various other charitable contributions, (Compl. ¶¶ 39-42, 55-58 (Docket No. 1)), they do not pursue those claims in the FAC.  The United States has filed a counterclaim for fraud penalties under 26 U.S.C. § 6663 based upon Alan Pesky's allegedly fraudulent Schedule C business deductions.  (Answer to FAC ¶¶ 157-175 (Docket No. 90).)

The United States moves for summary judgment in its

2

favor on the Peskys' claims and related accuracy and filing penalties.  (See generally U.S. Mot. for Summ. J. ("U.S. MSJ") (Docket No. 106).)  The United States does not, however, seek summary judgment on its counterclaim for Schedule C fraud penalties.  (See id. at 2.)  The Peskys do not seek summary judgment on any of these issues.  (See Peskys Mot. for Summ. J. ("Peskys MSJ") at 2 (Docket No. 106-1).)

II.  Discussion

The court reviews the United States' motion for summary judgment based upon the standards set forth in Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

"Deductions are a matter of legislative grace, and taxpayers must prove they are entitled to the deductions claimed."  Weatherly v. Comm'r, 102 T.C.M. (CCH) 199, 2011 WL 3794241, at *1 (2011).  "Taxpayers are required to maintain records sufficient to establish the amounts of allowable deductions and to enable the Commissioner to determine the correct tax liability."  Id. (citing 26 U.S.C. § 6001).

    A.  Schedule C Business Deductions and Various Charitable Deductions

First, the United States seeks summary judgment in its favor on the validity of the Peskys' Schedule C business deductions and various charitable deductions claimed in the 2003 and 2004 tax years.  (U.S. MSJ at 18-20.)  The United States has already assessed and collected the amounts owed on these deductions.  The Peskys confirm that they no longer seek to recover the assessments, and the Peskys' pleadings have been

amended to exclude all reference to these assessments.  The court will accordingly grant the United States' motion for summary judgment based on improper substantiation of the Peskys' Schedule C business deductions and various charitable deductions.[1]

### B. Stock Contribution to the Family Foundation

The United States also seeks summary judgment on the issue of whether an allegedly charitable contribution of $202,278 in stock to the Pesky Family Foundation on July 7, 2003 was properly substantiated by a contemporaneous written acknowledgment.  (Id. at 17-18.)

"Contributions of cash or property of $250 or more require the donor to obtain contemporaneous written acknowledgment of the donation from the donee." Villareale v. Comm'r, 105 T.C.M. (CCH) 1464, 2013 WL 948473, at *2 (citing 26 U.S.C. § 170(f)(8)(A)).  "At a minimum, the contemporaneous written acknowledgment must contain a description of any property contributed, a statement as to whether any goods or services were provided in consideration, and a description and good-faith estimate of the value of any goods or services provided in consideration."  Id. (citing 26 U.S.C. § 170(f)(8)(B)).  "A written acknowledgment is contemporaneous if it is obtained by the taxpayer on or before the earlier of (1) the date on which the taxpayer files a return for the taxable year in which the contribution was made, or (2) the due date (including extensions)

---

[1] Because neither the United States nor the Peskys seek summary judgment on the United States' counterclaim for Schedule C fraud under 26 U.S.C. § 6663, the court makes no findings as to whether Alan Pesky fraudulently sought Schedule C business deductions.

4

for filing such return." Id. (citing 26 U.S.C. § 170(f)(8)(C)).

"The contemporaneous written acknowledgment need not take any particular form." Irby v. Comm'r, 139 T.C. No. 14, 2012 WL 5273345, at *11 (2012) (internal quotation marks omitted). In Irby, the court found that a series of documents, including Option Agreements, Forms 8283, letters to the taxpayer from the organization, settlement statements, and deeds of trust collectively constituted a contemporaneous written acknowledgment of charitable contributions of conservation easements. Id. at *11-12. While Irby was a bargain-sale contribution and not one in which the taxpayer received no goods or services in exchange for the contribution, the court sees no reason why a comparable collection of documents could not similarly show that no goods or services were received in exchange for a contribution.[2]

Here, the letter from the Pesky Family Foundation does not satisfy the statutory requirements because it was written approximately six years after the alleged contribution and is therefore not contemporaneous. (See Yost Decl. Ex. 46.) However, in addition to that letter the Peskys also provide various financial documents, including the Pesky Family Foundation's general ledger and bank statements, which they contend show that the Pesky Family Foundation received the contribution and that the Foundation provided nothing to the

---

[2] The other case cited by the Peskys in support of their argument, Foxworth, Inc. v. Comm'r, 98 T.C.M. (CCH) 177, 2009 WL 2877850 (2009), involved the use of financial documents to establish whether shares of stock were transferred to a charitable organization. Foxworth, 2009 WL 2877850, at *26-27. Foxworth does not appear to involve the question of whether those documents established a statement that the taxpayer did not receive any goods or services in exchange for the contribution.

5

Peskys in return.  (See Pesky Opp'n at 21-22 (Docket No. 110); Schwartman Aff. in Opp'n to U.S. MSJ ("Schwartzman Aff.") Exs. 12, 13, 14 (Docket Nos. 110-4, 110-5).)  The documents appear to show the stock contributed by the Peskys as income and no expense to the Peskys or their business entities.

The United States does not argue that the Peskys were not entitled to claim a deduction for the contribution.  Rather, the United States seeks summary judgment on the ground that plaintiffs did not submit adequate documentation to substantiate the deduction.  Unlike the Tax Court, with its substantial expertise in tax matters and the benefit of a bench trial to seek clarification of complex financial documents, this court must apply the summary judgment standard to a set of documents with which it is unfamiliar.  Because of the limited briefing and explanation of the documents at issue, it appears that a genuine issue of material fact exists as to whether the documents sufficiently establish that the Peskys received no goods or benefits in return for the contribution and therefore qualify as a contemporaneous written acknowledgment.  The court will accordingly deny the United States' motion for summary judgment on the Peskys' claim for reimbursement based on disallowance of the deduction for stock contributed to the Pesky Family Foundation on July 7, 2003.

  C. <u>Mortgage Interest Deductions and Miscellaneous Expenses</u>

Finally, the United States seeks summary judgment whether the Peskys have substantiated their mortgage interest deductions, (see FAC ¶¶ 30-31, 44-45), and whether plaintiffs have substantiated various other deductions, such as

miscellaneous itemized expenses, deductible investment expenses, and foreign tax credits, (see id. ¶¶ 34, 48-52, 54-56, 59-60). (U.S. MSJ at 22-23.)  Again, as with the stock contribution to the Pesky Family Foundation, the dispute is not over plaintiffs were entitled to deduct their mortgage interest and the other miscellaneous expenses, but rather whether the plaintiffs submitted the right documentation, and in the right form, to substantiate the Peskys' claimed expenses.  (See Schwartzman Aff. Exs. 17-19, 22, 26).  Once again faced with raw financial data and little to no explanation of the documents at issue, the court cannot speculate as to meaning and importance of these documents. The court finds that, due to the short shrift these issues received in the parties' briefing and the difficulty of gleaning information from the financial documents provided, genuine issues of material fact remain on these issues.

          The court will accordingly deny the United States' motion for summary judgment on the Peskys' claims for reimbursement based upon disallowance of mortgage interest deductions and miscellaneous itemized deductions.

          Because the Peskys' overall tax liability is still uncertain, the court declines to address accuracy and failure to file penalties at this time.  See 26 U.S.C. § 6662(d)(1)(A) (defining a "substantial underpayment" for the purposes of the twenty percent accuracy penalty as an understatement exceeding the greater of $5,000 or ten percent of the tax due); Crocker v. Comm'r, 92 T.C. 899, 908 (1989) (explaining that a taxpayer may avoid failure to file penalties based upon invalid extensions if he "makes a bona fide and reasonable estimate of his tax

liability based on the information available to him at the time of extension").

        IT IS THEREFORE ORDERED that the United States' motion for summary judgment on the Peskys' various claims for reimbursement that do not involve the Conservation Easement be, and the same hereby is, GRANTED with respect to the Schedule C business deductions and various charitable contributions, and DENIED with respect to reimbursement for contribution of stock to the Pesky Family Foundation, mortgage interest deductions, and miscellaneous itemized expenses.

DATED:  July 8, 2013

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE